PATRICK HADDOCK, Respondent, *v.* PATRICK NAUGHTON, Appellant.

*Issue as to the commission of a crime, raised in a civil action — proof of other distinct crimes — slander — justification.*

It is only in cases where the intent or motive or knowledge of the party is a subject of inquiry that, on an issue being raised as to the commission of a crime by a party to the action, the commission of another distinct offense can be shown.

In an action brought to recover damages for slander in charging the plaintiff with having committed the crime of incest with one of his daughters, the defendant cannot show the commission by the plaintiff of an outrage, or attempted outrage, upon another daughter, in support of a plea of justification alleging the truth of the charge in suit.

APPEAL by the defendant, Patrick Naughton, from a judgment of the County Court of Sullivan county, entered in the office of the

clerk of that county on the 19th day of December, 1892, upon a verdict in favor of the plaintiff, and from an order denying the defendant's motion for a new trial made upon the minutes.

The action was brought to recover damages for slander in charging the plaintiff with having committed the crime of incest with his daughter Mary.

The defendant's answer contained a general denial, and alleged " that what the defendant did say in regard to the plaintiff in reference to what is set forth in the complaint was true."

*D. S. Hill* and *T. F. Bush*, for the appellant.

*George H. Carpenter*, for the respondent.

PER CURIAM :

Without considering or passing on the question raised as to whether the answer properly alleged a justification, we are of opinion that the evidence offered to show that plaintiff attempted an outrage upon his daughter Anna was properly excluded by the trial court.

This case did not involve a question of motive or intent. The simple question was, did the plaintiff have unlawful intercourse with his daughter Mary. It is only in very exceptional cases, an issue being raised as to the commission of a crime by a party to the action, that another distinct offense can be shown. Those cases are where the intent or motive or knowledge of the party is a subject of inquiry. Thus in *Cary* v. *Hotailing* (1 Hill, 311) ; *Hall* v. *Naylor* (18 N. Y. 588), and all the other cases cited by appellant, the intent or motive of the alleged wrongdoer was in question and necessary to be shown. The case of *Mayer* v. *The People* (80 N. Y. 364) was one where the defendant was indicted for obtaining goods on false pretenses. Before he could be convicted it was necessary to show that he intended to cheat and defraud. On that question evidence of similar transactions at about the same time was held competent. In the opinion of Justice EARL, in the note at the end of that case, the learned judge quoted from " Wharton's American Criminal Law " as follows : " Where the scienter or *quo animo* is requisite to and constitutes a necessary and essential part of the crime with which the person is charged, and proof of such guilty

knowledge or malicious intention is indispensable to establish his guilt in regard to the transaction in question, testimony of such acts, conduct or declarations of the accused as tend to establish such knowledge or intent is competent, notwithstanding they may constitute in law a distinct crime."

In this case the defendant, to establish his justification, assuming that one was alleged in the answer, was not compelled to show motive, intent or scienter of the plaintiff. He was simply bound to show that plaintiff had unlawful intercourse with his daughter. We think that he could not do so by showing an outrage or attempted outrage on the person of another daughter.

No other error is suggested by the learned counsel for the appellant. Nor is it claimed that the judgment should be reversed on the evidence.

We, therefore, conclude that the judgment should be affirmed, with costs.

Present — MAYHAM, P. J., HERRICK and PUTNAM, JJ.

Judgment affirmed, with costs.